UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | * | |
| | * | Criminal No.14-cr-10115-IT |
| YRVENS BAIN, a/k/a "E," | * | |
| | * | |
| Defendant. | * | |

ORDER

October 9, 2015

TALWANI, D.J.

The court hereby orders that Defendant's Motion to Exclude Text Messages [#123] is ALLOWED IN PART and DENIED IN PART as follows:

1. Defendant's motion to exclude the text message sent by "UNKNOWN" on April 1, 2014 is allowed. Defendant contends, *inter alia*, that the text messages constitute hearsay. The Government responds that that the text messages sent from the phones seized from Defendant's person are not hearsay because the messages constitute statements of Defendant, an opposing party under Fed. R. Evid. 801(d)(2). The Government further responds that the text messages sent by individuals other than Defendant are offered for the non-hearsay purpose of providing context for Defendant's statements. The text message sent by "UNKNOWN" on April 1, 2014, however, does not provide context to any statement allegedly made by Defendant. Accordingly, the Government has not identified a viable non-hearsay purpose for the April 1, 2014 text message, and the text message is excluded on hearsay grounds.

2. Defendant's motion to exclude the text message conversations between "UNKNOWN" and "BAIN" on March 28 and 29, 2014; the text message

conversation between "LOUIE PLIZZY" and "BAIN" on March 31, 2014; and the text message conversations between "EMILY" and "BAIN" on March 18 and 21, 2014 is allowed. Even assuming that these conversations have special relevance as to intent and knowledge under Rule 404(b), the probative value of these conversations is substantially outweighed by the danger of unfair prejudice under Rule 403. These text messages present a high risk that the jury will use the evidence for impermissible propensity and character purposes and convict the defendant for crimes other than those charged in the Indictment. Moreover, the probative value of the evidence is slight and cumulative in light of the other evidence of drug distribution (*i.e.* two controlled sales to CW-1) that the government intends to present.

3. Defendant's motion to exclude the text message conversation between "EMILY" and "BAIN" on March 19, 2014 is allowed in part and denied in part. Under Rule 404(b), the text messages sent from the phone seized from Defendant's person have special relevance beyond any purported relevance to intent and knowledge—these statements connect Defendant to the Waite Street area near the time of the second controlled buy and the Government's seizure of drugs from the apartment a few blocks from Waite Street. The court concludes that the probative value of these statements is not substantially outweighed by the danger of unfair prejudice. The Government may introduce the text messages sent from the phone seized from Defendant's person to "EMILY" on March 19, 2014. The statements from "EMILY" may not be offered for the truth of the matter asserted, are not needed to provide context to Defendant's statements, and pose the concerns for unfair prejudice discussed in paragraph 2 of this order. The Government shall redact the name "EMILY" and statements purportedly

made by "EMILY" during this conversation.

| IT IS SO ORDERED. | /s/ Indira Talwani |
|---|---|
| | United States District Judge |

Date:  October 9, 2015