UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| | * |
| v. | * |
| | *   Criminal No. 14-cr-10115-IT |
| YRVENS BAIN, | * |
| | * |
| Defendant. | * |

MEMORANDUM AND ORDER

April 26, 2021

TALWANI, D.J.

In his Amended Motion Pursuant to 28 U.S.C. § 2255 [#223], Petitioner Yrvens Bain moves, inter alia, to vacate his 2015 felon-in-possession conviction, see 21 U.S.C. § § 922(g)(1) and 924(e)(1). Bain seeks relief under Rehaif v. United States, 139 S. Ct. 2191 (2019), in which the Supreme Court held that, to sustain a § 922(g)(1) offense, the government must prove that the defendant knew at the time of the offense that he belonged to a category of persons the statute prohibits from carrying a gun. For the reasons that follow, relief under Rehaif is DENIED.[1]

I. Background

In 2014, Defendant was charged in a four count Indictment [#15]. Count Four charged that: "[o]n or about April 1, 2014," Bain "having previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting commerce a firearm and ammunition, to wit: a HiPoint .45 caliber semiautomatic pistol with an obliterated serial number and seven rounds of .45 caliber ammunition," in violation of 18 U.S.C. § 922(g)(1). Id. On October 16, 2015, a federal jury convicted Bain of all counts,

---

[1] The court will address separately Petitioner's further argument that he should be resentenced based on ineffective assistance of counsel at sentencing.

including the felon-in-possession count. See Jury Verdict [#165].

Following an appeal, Bain filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence [#207]. Shortly after Rehaif, 139 S. Ct. 2191, was decided, Petitioner sought a stay to allow counsel to review the impact of the decision on his conviction. Assented-to Motion to Stay [#215]. The court allowed the stay, and Petitioner subsequently filed his Amended Motion to Vacate [#223], which included the Rehaif argument.

II. Standard of Review

> Section 2255 contemplates four potential bases on which a federal prisoner may obtain relief: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such a sentence"; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack."

Damon v. United States, 732 F.3d 1, 3 (1st Cir. 2013) (quoting 28 U.S.C. § 2255(a)). "Section 2255 is not a surrogate for a direct appeal[,]" and the burden is on the petitioner to establish that he is entitled to relief under § 2255. David v. United States, 134 F.3d 470, 474 (1st Cir. 1998).

III. Discussion

A. Rehaif v. United States

Title 18 U.S.C. § 922(g) bars nine categories of individuals, including convicted felons, from possessing firearms.[2] Section 922(g) contains three elements: (1) a status element, whether the defendant is a member of a prohibited category of persons; (2) a possession element, whether the defendant was in actual or constructive possession of a firearm; and (3) a jurisdictional

---

[2] The nine categories are: (1) convicted felons; (2) fugitives from justice; (3) unlawful users of, or those addicted to, controlled substances; (4) individuals adjudicated as having a mental defect or who have been committed to a mental institution; (5) noncitizens who are in the United States on a nonimmigrant visa (with certain exceptions) or who are illegally or unlawfully in the United States; (6) individuals with dishonorable discharges from the Armed Forces; (7) individuals who have renounced U.S. citizenship; (8) individuals subject to certain domestic abuse orders; and (9) individuals who have been convicted of misdemeanor domestic violence. 18 U.S.C. § 922(g).

element, whether the firearm moved in or affected interstate or foreign commerce prior to its seizure. Rehaif, 139 S. Ct. at 2195-96.

In Rehaif, which was decided on June 21, 2019, the Supreme Court held that in prosecutions under § 922(g), the government must prove that "the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." 139 S. Ct. at 2194 (emphasis added).

   B. Discussion

Because Bain "did not raise the knowledge of status issue at trial or on direct appeal, that issue is procedurally defaulted on collateral review." Boulier v. United States, No. 13-00132, 2020 WL 1930482, at *4 (D. Me. Apr. 21, 2020) (citing Massaro v. United States, 538 U.S. 500, 504 (2003)). Thus, he may only proceed if he overcomes that default by demonstrating "cause" for the default and "actual prejudice," from the Rehaif error, United States v. Withee, No. 19-163, 2020 WL 2557197, at *1-2 (D.R.I. May 20, 2020); see also Martinez v. Ryan, 566 U.S. 1, 10 (2012) ("[a] prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law"), or that he is actually innocent. Bousley v. United States, 523 U.S. 614, 622 (1988).

      1. Cause

Petitioner argues that he has satisfied the "cause" prong because the legal basis of his Rehaif claim was not reasonably available at the time of his direct appeal, see Murray v. Carrier, 477 U.S. 478, 488 (1986), because it had been rejected by "every single Court of Appeals to address the question." Mot. 11 [#223] (citing Rehaif, 139 S. Ct. at 2201 (Alito, J., dissenting)). A claim may be deemed unavailable when it results from a "clear break with the past" in a new Supreme Court case where the one of the following circumstances is true:

> First, a decision of this Court may explicitly overrule one of our precedents. Second, a decision may overturn a longstanding and widespread practice to which this Court has not spoken, but which a near-unanimous body of lower court authority has expressly approved. And, finally, a decision may disapprove a practice this Court arguably sanctioned in prior cases.

Reed v. Ross, 468 U.S. 1, 17 (1984) (citations, quotations, and modifications omitted). In Rehaif, the Supreme Court "overturn[ed] the long-established interpretation" of § 922(g), which was "used in thousands of cases for more than 30 years," and on which the circuit courts were unanimous. Rehaif, 139 S. Ct. at 2201 (Alito, J., dissenting).

The government argues that where an issue is repeatedly raised and litigated in the courts of appeals, it does not qualify under the novel exception. Opp'n 4 (citing Bousley, 523 U.S. at 622 and Damon, 732 F.3d at 5) [#230]. A petitioner cannot establish a claim was "not reasonably available to counsel" just because of the perception that "a claim was unacceptable to that particular court at that particular time." Bousley, 523 U.S. at 622-23 (internal citations and quotations omitted). However, the near unanimous rejection of knowledge as to status argument before Rehaif distinguishes this case from Damon and Bousley, where the petitioners could have relied on favorable out-of-circuit precedent, which existed before they were sentenced, to raise their claims on direct appeal.[3] Here, there was no such favorable out-of-circuit precedent to rely on in support of Petitioner's argument at trial or on direct appeal. Thus, the court finds that despite the fact the issue had been litigated for decades, Petitioner's trial attorney did not have a

---

[3] In Bousley, the petitioner's claim was based on an argument accepted in Bailey v. United States, 516 U.S. 137 (1995), that "us[ing] a firearm under 18 U.S.C. § 924(c)(1) meant "active employment" rather than mere possession. Bousley, 523 U.S. at 616. The Supreme Court held Bousley defaulted that argument by failing to raise it in his direct appeal. Id. at 621-22. This was because, by the time of his direct appeal, several circuits had endorsed the "active employment" interpretation of § 924(c)(1) before Bousley pleaded guilty. In Damon, 732 F.3d at 5, where petitioner attempted to raise a defaulted argument that the First Circuit later adopted in United States v. Holloway, 630 F.3d 252, 260 (1st Cir. 2011), favorable Supreme Court and Seventh Circuit case law existed to support his claim at the time he was sentenced.

4

reasonable basis to raise the notice-of-status issue before the district court or on appeal, given unanimous circuit opinions to the contrary. Accordingly, the court finds that cause exists to excuse the procedural default.

2. Prejudice

However, Petitioner cannot show the existence of actual prejudice. Actual prejudice occurs when there is "a reasonable probability that, but for [the] errors, the result of the proceeding would have been different." Lee v. United States, 137 S. Ct. 1958, 1964 (2017) (internal citations and quotations omitted).

Prior to trial, Petitioner, through counsel, challenged the introduction of evidence regarding his prior felony convictions in his Motion in Limine to Exclude Evidence [#107], which sought to exclude evidence regarding a prior conviction, his status as a felon, and any other references to Petitioner's prior criminal record. He offered instead to "stipulate that he has a prior conviction punishable by more than one year" and argued that "[a]ny other evidence relating to any prior arrest or conviction is irrelevant." Id. at 8. Bain argued further that, even if relevant, the probative value of his criminal record or past felony convictions would be substantially outweighed by unfair prejudice and confusing the issues. Id. at 3 (citing Old Chief v. United States, 519 U.S. 172, 180 (1997)). In Old Chief, the Supreme Court found a "proffered admission" similar to the proposed stipulation here "would . . . have been not merely relevant but seemingly conclusive evidence of the element," and that it was an abuse of discretion to admit instead further evidence of the prior offense that was likely to support conviction of the offense at trial on some improper ground. 519 U.S. at 191. The court granted Bain's Motion in Limine [#107] in part, see Order [#127], and the parties ultimately stipulated that "prior to April 1, 2014, the Defendant, Yrvens Bain, had been convicted in a court of a crime punishable by

imprisonment for a term exceeding one year." Transcript 3:22:10-12 [#193].

There is no reasonable probability that if <u>Rehaif</u> had been applied, the result of the proceedings would have differed in Bain's favor. First, in the interest of keeping his prior felonies from the jury, Bain would most likely have stipulated to his knowledge of status, just as he had stipulated to the fact of the convictions. Alternatively, if he had not so stipulated, the government would have had more than enough evidence to prove beyond a reasonable doubt that the Petitioner had knowledge of his status. The Presentence Investigation Report ("PSR"), for example, details three occasions on which Petitioner was actually sentenced to a term of imprisonment of more than one year.[4]

In other words, the result of the proceeding would have been the same even if the Supreme Court had announced its rule in <u>Rehaif</u> earlier. Cf. <u>United States v. Burghardt</u>, 939 F.3d 397, 404 (1st Cir. 2019), <u>cert. denied</u>, 140 S. Ct. 2550, 206 L. Ed. 2d 486 (2020) (declining to find prejudice under plain error review, because the defendant had previously "pled guilty to offenses punishable by a term of imprisonment well beyond a year" and state law required his sentencing judge to disclose the maximum possible sentence he faced, there was "no reason to

---

[4] On December 2, 2002, Bain pleaded guilty to possession with intent to distribute cocaine. PSR ¶ 59. Bain was sentenced to two years in a house of correction, but his sentence was suspended, and he was placed on probation for two years. <u>Id.</u>

On November 29, 2003, Bain was again charged, and later convicted, of possession with intent to distribute cocaine. <u>Id.</u> at ¶ 60. This conviction also amounted to a violation of his terms of probation for the December 2, 2002 conviction, and his suspended sentence was revoked, and he was sentenced to two years in prison for the December 2, 2002 offense, <u>id.</u> at ¶ 59, and two years for the November 29, 2003 offense; these sentences were to be served concurrently. <u>Id.</u> at ¶ 60.

On May 13, 2004, Bain was again arrested, this time for possession of cocaine, paraphernalia to package and distribute drugs for sale, possession of a firearm and ammunition, possession of counterfeit bills, and possession of documents in the name of a previous alias. <u>Id.</u> at ¶ 61. Bain pleaded guilty to the charged offenses and was sentenced to six years in state prison to be followed by five years on probation. <u>Id.</u>

think that the government would have had any difficulty at all in offering overwhelming proof that [defendant] knew that he had previously been convicted of offenses punishable by more than a year in prison"). Petitioner's failure to show that he would not have stipulated to the status element of the offense if it had required scienter, or if he had not, that the government could not easily have established his knowledge, "is fatal to his challenge." United States v. Riley, 411 F. Supp. 3d 182, 184 (D. Mass. 2019) (dismissing petitioner's Section 2255 claims under Rehaif because petitioner failed to show actual prejudice) (internal citation omitted); Withee, 2020 WL 2557197, at *2-3 (finding petitioner procedurally defaulted on his potential Rehaif claim by failing to raise it on direct appeal, and on collateral review, did not show the cause needed to excuse it, actual prejudice, or factual innocence).

Bain argues in a late-filed Reply [#243] that the First Circuit's decision in United States v. Lara, 970 F.3d 68 (1st Cir. 2020), is "the controlling authority for defendants who were convicted by a jury and sentenced, before the publication of Rehaif, under 21 U.S.C. § 922(g)(1)." Reply 1 [#243]. Bain contends that under Lara, he is entitled to relief because there is no evidence in the trial record that Bain was aware of his status as a prohibited person. Id. at 2. In Lara (which was decided on direct review, not on a § 2255 motion), the Court required the defendant, who had not raised Rehaif below, to show that "there was clear and gross injustice," which meant "that he must show at a minimum that the evidence was plainly insufficient to support the conviction." Lara, 970 F.3d at 84-85 (citing first United States v. Morel, 885 F.3d 17, 22 (1st Cir. 2018) and then United States v. Valenzuela, 849 F.3d 477, 484 (1st Cir. 2017)) (emphasis added). The First Circuit found that the defendant could not meet that minimum showing where there was sufficient evidence in the record to support the conviction; the Court did not opine as to what else needed to be shown to establish "clear and gross injustice." Id. at

85. The balance of the decision, rejecting defendant's remaining Rehaif arguments, suggests little likelihood that the Court would have found clear and gross injustice where, like here, there was no claim that the defendant did not know his status and "the government was acting in accordance with the requirements of proof at the time. Id. at 89-90 (citing Old Chief, 519 U.S. at 191-92).

Finding Petitioner has failed to show actual prejudice, the court denies his motion to vacate pursuant to Rehaif.[5]

IV. Conclusion

For the aforementioned reasons, to the extent that Petitioner's Amended Motion Pursuant to 28 U.S.C. § 2255 [#223] is brought pursuant to Rehaif, the motion is DENIED. The Amended Motion [#223] remains OPEN pending the resolution of Petitioner's argument that he should be resentenced due to ineffective assistance of counsel at sentencing.

IT IS SO ORDERED.                                /s/ Indira Talwani
                                                 United States District Judge
Date:   April 26, 2021

---

[5] Petitioner does not argue he can make a showing of actual innocence, see Mot. 9-11 [#223], and, where Petitioner has not shown actual prejudice, the court does not address this means of overcoming procedural default.