UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | |
| | * | Criminal No.14-cr-10115-IT |
| YRVENS BAIN, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM AND ORDER

January 14, 2022

TALWANI, D.J.

In his Amended Petition Pursuant to 28 U.S.C. § 2255 [#223], Defendant Yrvens Bain argues that his trial counsel's performance at sentencing was ineffective and he should be resentenced. For the reasons that follow, the Amended Petition [#223] is ALLOWED, and the clerk shall promptly set a date for resentencing.

I.      Background

A.   The Indictment and Verdict

In 2014, Bain was charged in a four count Indictment [#15] with two counts of distributing heroin in violation of 21 U.S.C. § 841(a)(1), one count of possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and one count of felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g) and 924(e)(1). Bain proceeded to trial and on October 16, 2015, a federal jury convicted him of all counts. See Jury Verdict [#165].

B.   Sentencing

The Pre-Sentence Investigation Report ("PSR") identified three prior Massachusetts state court convictions as serious drug offenses under the Armed Career Criminal Act ("ACCA"), 18

U.S.C. § 924(e)(1): (1) a 2002 conviction for possession of cocaine with intent to distribute; (2) a 2006 conviction for possession of cocaine with intent to distribute; and (3) a 2006 conviction for trafficking twenty-eight to one hundred grams of cocaine. See PSR ¶¶ 59-61. Based on these three predicate offenses, the PSR identified Bain as an Armed Career Criminal under the ACCA facing a 15-year mandatory minimum sentence and a guideline sentence of 262-327 months. Id. at ¶¶ 46, 109; see also 18 U.S.C. § 924(e)(1). Bain's counsel did not object to this portion of the PSR, and at sentencing, the court imposed the 15-year mandatory minimum followed by three years' supervised release. Am. J. [#180].

C.   Direct Appeal

On direct appeal, Bain argued, inter alia, that he should not have been designated an Armed Career Criminal because his trafficking conviction under Mass. Gen. Laws ch. 94C, § 32E(b),[1] does not qualify as a predicate offense where the statute is indivisible and includes a form which is not a "serious drug offense"[2] under the ACCA. United States v. Bain, 874 F.3d 1, 28 (1st Cir. 2017). The First Circuit, noting that Bain had not objected to the designation at sentencing, reviewed for plain error. Id.

The First Circuit set forth the framework for determining whether a prior conviction

---

[1] The statute reads:

> Any person who traffics in a controlled substance [as defined to include cocaine] by knowingly or intentionally manufacturing, distributing or dispensing or possessing with intent to manufacture, distribute or dispense or by bringing into the commonwealth a net weight of 18 grams or more of a controlled substance as so defined, or a net weight of 18 grams or more of any mixture containing a controlled substance as so defined shall [be punished by a term of imprisonment that varies depending on weight].

[2] 18 U.S.C. § 924(e) defines a "serious drug offense" as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten or more years is prescribed by law."

"qualifies as a predicate offense under the ACCA," explaining that the courts do not "look at the specific facts of the defendant's prior conviction" but instead employ "a categorical approach,"[3] where crimes are classified as ACCA predicates "based on their legal definitions, rather than the facts of the defendant's particular conviction." Id. at 29 (citing Mathis v. United States, 136 S. Ct. 2243, 2248 (2016)). Thus, the relevant determination is whether "every realistically possible way of committing the offense satisfies the definition of a serious drug offense." Id. (citing United States v. Mulkhern, 854 F.3d 87, 96-97 (1st Cir. 2017); United States v. Whindleton, 797 F.3d 105, 109 (1st Cir. 2015) ("Since Whindleton's record of conviction does not specify on what theory he was convicted, we must ensure that any form of the conviction would qualify as a 'serious drug offense' under the ACCA.")).

However, the Court noted, "[n]ot all criminal statutes define only a single crime. 'Some statutes . . . have a more complicated (sometimes called 'divisible') structure . . . . A single statute may list elements in the alternative, and thereby define multiple crimes.'" Id. (quoting Mathis, 136 S. Ct. at 2249). The First Circuit explained further that while some crimes that can be committed in multiple different ways are "divisible into multiple crimes with different elements[,] [t]here is [also] 'a different kind of alternatively phrased law: not one that lists multiple elements disjunctively, but instead one that enumerates various factual means of committing a single element.'" Id. at 30 (quoting Mathis, 136 S. Ct. at 2249). To "distinguish between crimes that have alternative elements and crimes that may be satisfied by different means," the court looks first to sources such as "jury unanimity requirements, relevant model

---

[3] "The categorical approach is imposed in part by the language of the ACCA, and in part by the Sixth Amendment concerns that would arise if the imposition of the ACCA's mandatory minimum sentence were based on the actual facts underlying prior convictions as found by the sentencing judge." Id. at 29 (citation omitted).

jury instructions, certain statutory provisions, and indictments." Id. (citing United States v. Starks, 861 F.3d 306, 316 (1st Cir. 2017)).

The First Circuit proceeded to analyze both the text of the trafficking statute and relevant Massachusetts authorities to determine whether the statute was divisible. For purposes of the appeal, the First Circuit assumed that "bringing into the commonwealth a net weight of 18 grams or more of [cocaine], or a net weight of 18 grams or more of any mixture containing [cocaine]," was not a serious drug offense under the ACCA. Id. at 28 (quoting Mass. Gen. Laws ch. 94C, § 32E(b)). The Court found that

> [t]he Massachusetts Supreme Judicial Court has not clearly held whether the different ways of committing the trafficking offense are different crimes with different elements or simply different means of committing a single crime. It has described the statute as "disjunctive, setting forth three categories of trafficking: (1) manufacturing, distributing or dispensing fourteen grams or more of cocaine; (2) possessing with intent to manufacture, distribute, or dispense fourteen grams or more; and (3) bringing into the Commonwealth fourteen grams or more."

Id. at 31-32 (quoting Commonwealth v. Roman, 414 Mass. 642, 643, 609 N.E.2d 1217 (1993)).

The Court next turned to Massachusetts Appeals Court opinions. One opinion suggested the statute "merely creates one crime — 'trafficking'—that can be committed in several different ways." Id. at 32 (citing Commonwealth v. Silva, 211 Mass. App. Ct. 536, 540-41, 488 N.E.2d 34 (1986)). However, Silva held only that the first way of committing the trafficking offense, manufacturing, distributing, or dispensing, was disjunctive, and did not address "bringing into the commonwealth." Id. In another case, the Appeals Court held that although the trial court instructed the jury its verdict needed to be unanimous either as to distribution or bringing into the commonwealth, the trial court's failure to provide the jury with a special verdict form was not an error where there was sufficient evidence for a conviction under either theory. Commonwealth v. Rodriguez, 67 Mass. App. Ct. 636, 648-49, 855 N.E.2d 1113 (2006). The First Circuit found that

Rodriguez points in both directions on divisibility.

> The trial judge's instruction that the jury had to be unanimous as to its theory of
> the case supports the conclusion that the offense was divisible. Nothing in the
> court's decision suggests that this instruction [regarding unanimity] was incorrect
> or that the use of a general verdict form obviated this instruction under state law.
> The conclusion that there was no error in submitting a general verdict form given
> that the evidence was sufficient to convict on either theory may cut the other way,
> but it may also simply be an application of a Massachusetts rule that a general
> verdict of guilty will stand if there is sufficient evidence for all the theories put
> before the jury.

Bain, 874 F.3d 32 (citing Commonwealth v. Oquendo, 83 Mass. App. Ct. 190, 193-94, 982

N.E.2d 538 (2013)). The First Circuit thus concluded that the case law did not "establish any

clear rule that bears on the statute's divisibility." Id. at 31.

The Court explained further that if "state law fails to provide clear answers," a court may

use the "modified categorical approach," that is, it "looks to a limited class of documents (for

example, the indictment, jury instructions, or plea agreement and colloquy) to determine what

crime, with what elements, a defendant was convicted of." Id. at 29. These are the Shepard[4]

documents. Id. at 30. The Court found, however, that there were no Shepard "documents in or as

a supplement to the record." Id. at 33.

The Court considered finally what to do "on plain error review when state law lacks

clarity on the question of divisibility and the record lacks the Shepard documents to which the

court might otherwise refer in an attempt to resolve that ambiguity?" Id. at 30. The Court

concluded that while "[n]ormally, the government must introduce these documents and prove

that the crime is divisible in order to carry its burden of proving that the defendant was convicted

of a form of an offense that qualifies as an ACCA predicate," id. at 30-31 (citing United States v.

Dávila-Félix, 667 F.3d 47, 55 (1st Cir. 2011)), on plain error review the defendant "bears the

---

[4] Shepard v. United States, 544 U.S. 13 (2005).

5

burden of proving either (1) that the offense is indivisible; or (if the offense is not shown to be indivisible) (2) that the prior conviction was for the non-qualifying form of the offense." Id. at 31. Accordingly, where Bain was unable to show the Massachusetts trafficking statute was clearly indivisible at the time of his conviction, and where the Court was unable to consult Shepard documents to determine if the crime was divisible, Bain failed to carry his burden on plain error review. Id. at 33.

### D. Motion to Vacate

Bain's first Motion to Vacate Pursuant to 28 U.S.C. § 2255 [#207] argued that trial counsel's failure to challenge the Armed Career Criminal designation at sentencing amounted to ineffective assistance. After the Supreme Court issued its decision in Rehaif v. United States, 139 S. Ct. 2191 (2019), Bain filed an Amended Motion to Vacate [#223], adding a claim under Rehaif. The court bifurcated proceedings and denied Bain's request for relief under Rehaif. Mem. & Order [#245]. Bain subsequently filed the documents from his trafficking conviction. See [#247-1], [#247-2].

## II.   Legal Standard

Section 2255

contemplates four potential bases on which a federal prisoner may obtain relief: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such a sentence"; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack."

Damon v. United States, 732 F.3d 1, 3 (1st Cir. 2013) (quoting 28 U.S.C. § 2255). However, "Section 2255 is not a surrogate for a direct appeal[,]" and the burden is on the defendant to establish that he is entitled to relief. David v. United States, 134 F.3d 470, 474 (1st Cir. 1998).

To prevail on a claim of ineffective assistance of counsel, a defendant must show both

deficient performance by counsel and resulting prejudice. Strickland v. Washington, 466 U.S. 668, 688-89 (1984); see also Tevlin v. Spencer, 621 F.3d 59, 66 (1st Cir. 2010). To satisfy the "deficient performance" prong, a defendant must show his trial counsel's representation at sentencing "fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. "Review of counsel's performance must be deferential, and reasonableness must be considered in light of 'prevailing professional norms.'" Tevlin, 621 F.3d at 66 (quoting Strickland, 466 U.S. at 688-89). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

To satisfy the "prejudice" prong, a defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Porter v. McCollum, 558 U.S. 30, 40 (2009) (per curiam) (citing Strickland, 466 U.S. at 694). "Although he need not show 'that counsel's deficient conduct more likely than not altered the outcome' of his proceeding, he must establish 'a probability sufficient to undermine confidence in [that] outcome.'" Tevlin, 621 F.3d at 66 (citing Porter, 558 U.S. at 455-56 (quoting Strickland, 466 U.S. at 694)).

## III.    Discussion

Bain contends that trial counsel's failure to argue that his trafficking conviction was not an ACCA predicate was ineffective assistance of counsel because the trafficking statute, Mass. Gen. Laws ch. 94C, § 32E(b), includes a form of the offense, "bringing [drugs] into the commonwealth," that is not a "serious drug offense," and because the statute is indivisible. Mot. 12-15 [#223]. Bain argues that if his trial counsel had objected to the use of the trafficking statute as a predicate, the government would have had the burden to show (1) that the statute was divisible and if so (2) that Bain committed the offense in a manner that qualified as a serious

drug offense. And because the government would have been unable to do so, Bain would not have been designated an Armed Career Criminal and would not have been sentenced to a mandatory 15-year sentence. Id. at 14.

The court begins with an analysis of trial counsel's performance at sentencing and then, in the prejudice analysis, reviews the Shepard documents to aid in the determination of whether, had counsel raised this issue, there is a reasonable probability the outcome would have been different.

### A.  Performance

The government argues that Bain cannot satisfy his showing as to the performance prong where trial counsel "performed admirably" throughout. Opp'n 9 [#230]. The court agrees that trial counsel was a thorough and capable advocate throughout trial and sentencing and that, as to the issues she addressed, she did an exemplary job. The question before the court, however, is not an overall evaluation of counsel's performance, but whether Bain is able to "overcome the presumption that . . . the challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)). The court finds no possible trial strategy in not raising the ACCA issue.

At the time of Bain's sentencing, counsel in this circuit and others had been litigating the bounds of what state court convictions qualified "serious drug offenses" for many years, see United States v. McKenny, 450 F.3d 39, 44 (1st Cir. 2006) (whether violation of a state statute prohibiting agreeing to possess with intent to deliver drugs is a serious drug offense); United States v. Brown, 500 F.3d 48, 59 (1st Cir. 2007) (whether an attempt crime can qualify as a felony drug offense); United States v. Bynum, 669 F.3d 880, 886 (8th Cir. 2012) (whether a violation of a Minnesota offer-to-sell statute was a serious drug offense); United States v.

Jarnigan, 410 Fed App'x 951, 954 (6th Cir. 2011) (whether a drug conviction as a juvenile is a serious drug offense), United States v. Winbush, 407 F.3d 703 (5th Cir. 2005) (whether a conviction for attempted possession was a serious drug offense). Moreover, at the time of Bain's sentencing (and still today), Massachusetts authorities were equivocal as to whether the statute was divisible and, thus, the argument regarding divisibility was not foreclosed. While the court is highly deferential to trial counsel's strategic decisions, it finds no strategic reason to not have advanced these arguments at sentencing where Bain was facing, as a result of the ACCA enhancement, a two level increase in his offense level and a 15-year mandatory minimum. And had the court found that the trafficking conviction was not a predicate, the 15-year mandatory minimum under 18 U.S.C. § 924(e)(1) would not have applied, and his guideline sentence would have been 210-262 months rather than 262-327 months. Furthermore, if trial counsel had not prevailed on this argument at sentencing, there would not have been a *worse* outcome for Bain than the ACCA enhancement.

However, counsel failed to make any argument as to the ACCA predicate and the court finds that that failure was deficient performance under Strickland.

### B. Prejudice

To assess whether there is a reasonable probability that the outcome would have been different had counsel advanced the arguments regarding the ACCA predicate, the court engages first in the ACCA analysis it would have engaged in at sentencing, namely, that bringing a controlled substance into the commonwealth is not a "serious drug offense" under the ACCA and that the trafficking statute under which he was convicted is indivisible. The court turns then to the potential impact at sentencing.

i.  Whether Bringing a Controlled Substance into the Commonwealth is a
Serious Drug Offense under the ACCA

If Bain's counsel had objected to the use of the trafficking statute as an ACCA predicate

at trial, there is a reasonable probability the court would have found that "bringing into the

commonwealth" was not a serious drug crime. The ACCA defines a "serious drug offense"

under state law as one "involving manufacturing, distributing, or possessing with intent to

manufacture or distribute, a controlled substance . . . for which a maximum term of

imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). Bringing

into the commonwealth lacks a connection to manufacturing or distributing, or possessing with

the intent to do either, and is more closely related to possession with no intent to manufacture or

distribute, which is not an ACCA predicate. Mulkhern, 854 F.3d at 96-97; see also Bain, 874

F.3d 1, 28, n.18 ("There is a strong reason to think that [Bain] is indeed correct [that the form of

offense is not a serious drug offense] under our precedent") (citing Mulkhern). Accordingly,

there is a reasonable probability the court would have found the trafficking statute could be

violated in a manner that did not amount to a serious drug crime.

ii.  Whether the Trafficking Statute Is Indivisible

For the reasons identified by the First Circuit, there is a reasonable probability the court

would have found the question of divisibility could not be answered by looking at the statute or

by consulting the relevant Massachusetts authorities, as neither the Massachusetts Supreme

Judicial Court nor the Appeals Court have "clearly held whether the different ways of

committing the trafficking offense are different crimes with different elements or simply

different means of committing the same crime." Bain, 874 F.3d at 31-32; see also Roman, 414

Mass. at 643; Silva, 211 Mass. App. Ct. at 540-41; Rodriguez, 67 Mass. App. Ct. at 648-49.

The court would have next turned to the Shepard documents to determine whether the

government could establish the statute's divisibility based on these documents. The government argues that Bain has failed to show he "trafficked by 'bringing [cocaine] into the commonwealth.'" Opp'n 11 [#230]. But this argument misapprehends the inquiry the court makes when it "peeks" at the Shepard documents. "How a given defendant actually perpetrated the crime . . . makes no difference; even if his conduct fits within the generic offense, the mismatch of elements saves the defendant from an ACCA sentence. . . . it is impermissible for 'a particular crime [to] sometimes count towards enhancement and sometimes not, depending on the facts of the case. Accordingly, a sentencing judge may look only to 'the elements of the [offense], not to the facts of [the] defendant's conduct.'" Mathis, 136 S. Ct. at 2251 (quoting Taylor v. United States, 495 U.S. 575, 601 (1990)).

If the Trafficking Indictment [#223-2] had listed a particular element only, the court could have concluded that the statute was divisible. Instead, the Trafficking Indictment [#223-2] charged Bain with the trafficking cocaine "by knowingly or intentionally manufacturing, distributing, or dispensing or possessing with intent to manufacture, distribute or dispense or by brining into the Commonwealth a net weight of twenty eight grams or more, but less than one hundred grams of cocaine, or any mixture containing cocaine." The Mittimus [#247-1] similarly does not clarify whether the trafficking statute is divisible; it states only that Bain was to be incarcerated for the offense of "Trafficking in Cocaine c94C s32E(b)" for a term not exceeding 6 years and 1 day. Finally, during the plea colloquy, the Superior Court Judge determined Bain understood he was charged with "trafficking" cocaine but did not detail the specific elements of the crime. Plea Colloquy [#247-2] at 11:8-21; 15:19-16:5.[5] The Shepard documents thus do not

---

[5] The prosecutor proffered evidence of the crime but, as noted above, whether Bain did in fact commit the trafficking violation in a manner that would satisfy the requirements for an ACCA predicate is not relevant for the determination of whether the statute is indivisible.

establish that the statute is divisible, *i.e.,* that it "contains a list of elements, each one of which goes to a separate crime." <u>Mathis</u>, 136 S. Ct. at 2248.

The government also contends that Bain has failed to advance any new arguments as to why the statute is indivisible. But at sentencing, the government would have had to "prove that the crime is divisible in order to carry its burden of proving that the defendant was convicted of a form of an offense that qualifies as an AACA predicate." <u>Bain</u>, 874 F.3d at 30 (citing <u>Dávila-Félix</u>, 667 F.3d at 55). Bain has demonstrated that if the issue had been raised, the government would not have been able to meet its burden.

iii.  Impact at Sentencing

As explained above, had trial counsel presented this argument at sentencing, there is a reasonable probability the court would have found one of Bain's convictions was not an ACCA predicate and, with only two predicate offenses, no ACCA enhancement under 18 U.S.C. § 924(e) would have applied.

Without the ACCA enhancement, the 15-year mandatory minimum sentence and the 262-327 month sentencing guidelines would not have applied at sentencing. Thus, the court finds that Bain has also satisfied his showing as to prejudice. <u>See</u> <u>Tevlin</u>, 621 F.3d at 66.

**IV.   Conclusion**

For the reasons set forth above, the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2255 is GRANTED. The clerk shall promptly set a hearing for resentencing.

IT IS SO ORDERED.                                    /s/ Indira Talwani
                                                     United States District Judge

Date:   January 14, 2022